## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Brad Stevens,                               Case No. 17-cv-4921 (SRN/TNL)

        Plaintiff,

v.

Thomas Roy,                                 **REPORT &**
Joan Fabian,                                **RECOMMENDATION**
Jeffery Pederson,
Bruce Reiser,
Greg Smith,
Joseph Wieneke,
Victoria Otte-Phillips,
Lori Korts, and
Jane and John Does,
in their individual capacities,

        Defendants.

Brad Stevens, MSOP, 1111 Highway 73, Moose Lake, MN 55767 (*pro se* Plaintiff); and

Steven Forrest, Assistant Attorney General, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, MN 55101-2127 (for Defendants).

## I. INTRODUCTION

This matter comes before the Court on four motions: (1) Defendants Thomas Roy,

Joan Fabian, Jeff Peterson,[1] Bruce Reiser, Greg Smith, Joseph Winiecki,[2] Victoria

---

[1] In the Complaint, Defendant Peterson is listed as "Jeffrey Pederson." (*See, e.g.*, Compl. ¶ 12c, ECF No. 1.) The Court uses Defendants' spelling.
[2] In the Complaint, Defendant Winiecki is listed as "Joseph Wieneke." (*See, e.g.*, Compl. ¶ 12f.) The Court uses Defendants' spelling.

Phillips,[3] and Lori Korts's (collectively, "Defendants") Motion to Dismiss (ECF No. 15); (2) Plaintiff's Motion for Judicial Notice Upon Fed. R. Evid. 201 (ECF No. 24); (3) Plaintiff's Motion for Attorney Misconduct Pursuant to the Court's Inherent Powers and Fed. R. Civ. P. 11 (ECF No. 28); and Plaintiff's Motion for Stay Proceeding Pursuant to Fed. R. Civ. P. 7(b)(1) (ECF No. 30).   These motions have been referred to the undersigned for a report and recommendation to the district court, the Honorable Susan Richard Nelson, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.   Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' motion to dismiss be **GRANTED**; Plaintiff's motion for judicial notice be **GRANTED IN PART** and **DENIED IN PART**; Plaintiff's motion for sanctions be **DENIED**; and Plaintiff's motion to stay be **DENIED**.

## II. BACKGROUND[4]

Pro se Plaintiff Brad Stevens brings this action pursuant to 42 U.S.C. § 1983, alleging various civil-rights violations based on the federal and Minnesota Constitutions flowing from the imposition of a ten-year conditional-release term by the state district court in connection with Plaintiff's 2003 conviction for attempted fourth-degree criminal sexual conduct.

---

[3] In the Complaint, Defendant Phillips is listed as "Victoria Otte-Phillips."  (*See, e.g.*, Compl. ¶ 12g.)  The Court uses Defendants' spelling.
[4] "In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party."  *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).

### A. The Parties & Underlying Proceedings

Plaintiff is currently civilly committed to the Minnesota Sex Offender Program ("MSOP"). (Compl. ¶ 10.) In 2003, Plaintiff entered an *Alford* plea[5] to attempted fourth-degree criminal sexual conduct. (Compl. ¶ 17.) The state district court sentenced Plaintiff to 36 months' imprisonment and imposed a ten-year conditional-release term. (Compl. ¶¶ 18-19, 21.)

In 2005, Plaintiff was civilly committed to MSOP. (Compl. ¶¶ 29-31.) In November, Plaintiff's executed sentence "expired" and the Minnesota Department of Corrections ("DOC") "continued" Plaintiff's term of conditional release. (Compl. ¶ 48.) One of the conditions of Plaintiff's conditional release was that he participate in sex-offender programming. (Compl. ¶ 28.)

In 2006, following a disciplinary hearing, Plaintiff was found to be in violation of his conditional release for refusing to complete sex-offender programming. (Compl. ¶¶ 50-54.) Plaintiff's conditional release was revoked and he was returned to the DOC to serve the remainder of his conditional-release term. (Compl. ¶ 56; *see* Compl. ¶ 10.) Between 2006 and 2014, Plaintiff was incarcerated at the Minnesota correctional facility located in Rush Creek, Minnesota ("MCF – Rush Creek"). (Compl. ¶ 10.) At MCF – Rush Creek, Plaintiff was subject to more restriction than he had been at MSOP. (*See* Compl. ¶¶ 32-34, 58-67, 71.) When Plaintiff's criminal sentence expired in 2014, he was transferred back to MSOP. (Compl. ¶ 75; *see* Compl. ¶ 10.)

---

[5] "An *Alford* plea is entered when a defendant maintains his or her innocence while conceding that there is a substantial likelihood that the evidence would support a jury conviction of the charged offense." *Stevens v. State*, No. A09-756, 2010 WL 431495, at *1 n.1 (Minn. Ct. App. Feb. 9, 2010) [hereinafter *Stevens I*].

Defendants work for the DOC in various capacities. (Compl. ¶¶ 12a-h, 13.) Defendants Roy, Fabian, Peterson, Phillips, and Korts are alleged to have various responsibilities for enforcing and administering the conditional-release term imposed by the state district court. (Compl. ¶¶ 82-99, 72-73, 108-12; *see* Compl. ¶¶ 35-45.) Defendants Reiser and Smith are alleged to be responsible for supervising and training DOC employees and involved with DOC policies. (Compl. ¶¶ 100-03.) Defendant Winiecki is the Industry Director for Minncor Industries, Inc., at MCF – Rush City, and is alleged to have various responsibilities in connection with inmate work assignments and wages. (Compl. ¶¶ 104-07.)

### B. *State v. Noggle*

In 2016, the Minnesota Supreme Court issued *State v. Noggle*. 881 N.W.2d 545 (Minn. 2016). *Noggle* addressed whether Minn. Stat. § 609.3455, subd. 6's mandatory, ten-year conditional-release term for convictions of certain sex offenses applied to convictions of attempts of those same offenses. *Id.* at 547-48. The Minnesota Supreme Court held that the plain language of the statute did not authorize the imposition of a ten-year conditional-release term for attempt crimes. *Id.* at 550-51. The case was "remand[ed] to the district court with an instruction to vacate Noggle's 10-year conditional-release term." *Id.* at 551.

Plaintiff's term of conditional release was imposed pursuant to Minn. Stat. § 609.109, subd. 7. (Compl. ¶¶ 19-20.) *See Stevens I*, 2010 WL 431495, at *3. Section 609.109, subd. 7 was "superseded by Minn. Stat. § 609.3455, subd. 6 . . . and has substantially similar provisions." *Stevens v. State*, No. A13-1890, 2014 WL 1875887, at

4

*3 n.1 (Minn. Ct. App. May 12, 2014) (citing 2005 Minn. Laws ch. 136, art. 2, § 21, at 929-31, 933) [hereinafter *Stevens II*].  (*See* Compl. ¶¶ 35-37.)

Plaintiff sought postconviction relief in state district court, asserting that *Noggle* invalidated the term of conditional release imposed for his conviction of attempted fourth-degree criminal sexual conduct.  (Compl. ¶¶ 79-80.)  The state district court denied Plaintiff's request for postconviction relief, concluding that "'even if the court were to find that *State v. Noggle* applie[d], there [wa]s no existing conditional release term for the court to vacate'" because Plaintiff had already completed his sentence. (Compl. ¶ 81.)  The state district court also held that it did "'not have legal authority to review and address the administrative decision of the Commissioner of Corrections.'" (Compl. ¶ 81.)

### C. *First Federal Action*

In 2016, Plaintiff filed *Stevens v. Roy*, No. 16-cv-3807 (JRT/LIB) (the "*First Federal Action*") in this Court.  2017 U.S. Dist. LEXIS 153577, at *13 (D. Minn. June 8, 2017), *adopting report and recommendation*, 2017 U.S. Dist. LEXIS 151920 (D. Minn. Sept. 19, 2017).  Plaintiff named, among others, Defendants Roy, Peterson, Reiser, Smith, Phillips, and Korts as defendants in the *First Federal Action*.  *Id.*  In relevant part, Plaintiff

> allege[d] that he was unlawfully imprisoned within the Department of Corrections for an intensive supervised release violation from November 3, 2006, until November 21, 2014, when Defendants "failed to notify the sentencing court and the prosecutor in the jurisdiction where plaintiff was sentence that he did not violate section 609.3455 mandated by the conditional release statute" which violated his federal rights

5

> under the Due Process Clause of the Fourteenth Amendment. Plaintiff appears to be arguing that imposition of his original ten year term of conditional release was unlawful, and Defendants enforcement of the allegedly unlawful terms of conditional release constituted a continued unlawful imprisonment.

*Id.* at *48-49 (citations omitted).

Plaintiff's claim—"that his original ten year period of conditional release was unconstitutional, and by extension any imposition of that conditional release constituted unconstitutional imprisonment"—was dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at *50. In *Heck*, the Supreme Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487; *see First Federal Action*, 2017 U.S. Dist. LEXIS 153577, at *50-51.

The *First Federal Action* reasoned:

> In the present case, Plaintiff pled guilty pursuant to an Alford plea and was convicted of criminal charges in a Minnesota state court which resulted in a sentence that included a ten year term of conditional supervised release. Plaintiff has not made any factual assertion in his Complaint that his conviction and sentence have been reversed or were otherwise invalidated. Plaintiff seeks Section 1983 relief in this Court which would necessarily require it to find his conviction and sentence in Minnesota state court invalid; Plaintiff asks for declaratory judgment that the portion of his sentence imposing a ten year term of conditional release was unconstitutional which caused Defendants to violate his constitutional rights by enforcing that term of conditional release, and he also seeks monetary damages stemming

6

therefrom.  For all of these reasons, Plaintiff's claim in Count
VIII is barred by the *Heck* doctrine.

2017 U.S. Dist. LEXIS 153577, at *51-52 (citation omitted).  Plaintiff's claim was

dismissed without prejudice, giving him the opportunity to refile in the future "if his

conviction and sentence are later invalidated."  *Id.* at *52 n.15.

### D. Present Case

Plaintiff brings the present case, again pursuant to 42 U.S.C. § 1983, primarily

alleging civil-rights violations based on the federal and Minnesota Constitutions

stemming from Defendants' involvement in carrying out the conditional-release term.

(*See, e.g.*, Compl. ¶¶ 1-4, 113.)  As best as this Court is able to tell, Plaintiff mainly

alleges deprivation of liberty under the Fourteenth Amendment based on Defendants'

enforcement and administration of the conditional-release term (Counts I, II, III, IV,

VII[6]).  (Compl. ¶¶ 118-119, 121-32, 134-35, 137-45, 147-55, 170-71, 173-80; *see* Compl.

¶¶ 95-104.)  Plaintiff also alleges taking of private property under the Fifth and

Fourteenth Amendments for deductions made by Defendants for the cost of Plaintiff's

room and board while he was at MCF – Rush City following the revocation of his

conditional release (Count V).  (Compl. ¶¶ 157-59, 161-68.)  Plaintiff further alleges that

being required to work while at MCF – Rush City constituted involuntary servitude in

violation of the Thirteenth Amendment (Count VIII).  (Compl. ¶¶ 182-94.)  Lastly,

Plaintiff alleges that Defendants Roy and Fabian failed to train and supervise DOC

---

[6] The Complaint contains nine numbered "counts."  There appear to be two typographical errors in the numbering of "Count VII" and the *second* "Count IV."  Count "VII" is actually the sixth claim asserted.  There is no Count "VI."  The second "Count IV" is actually the ninth count, which the Court will call "Count IX."

employees properly, which led to the above violations of Plaintiff's rights (Count IX[7]).

For several counts, Plaintiff asserts tandem violations of the Minnesota Constitution.

(Compl. ¶¶ 130, 143, 153, 166, 175, 192.)  According to Plaintiff, *Noggle* satisfies *Heck*'s

favorable-termination requirement.   (*See, e.g.*, Compl. ¶¶ 3, 114, 208; Pl.'s Mem. in

Opp'n at 13, 18-21, ECF No. 23.)

### III. MOTION TO DISMISS

Defendants move to dismiss on grounds that Plaintiff's claims barred by *Heck* and

Plaintiff is collaterally estopped from asserting claims previously litigated in the *First*

*Federal Action*.  Because *Heck* is dispositive, the Court declines to address the issue of

collateral estoppel and the parties' arguments related thereto.

### A. *Heck*'s Favorable Termination Requirement

In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by
> actions whose unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state
> tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87 (footnote omitted).  This "has been referred to as the 'favorable

termination' requirement."  *Marlowe v. Fabian*, 676 F.3d 743, 746-47 (8th Cir. 2012);

*see Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) ("[W]here success in a

prisoner's § 1983 damages action would implicitly question the validity of conviction or

---

[7] *See supra* n.6.

duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."). "[T]he Eighth Circuit—like the First, Third, and Fifth—has 'interpreted *Heck* to impose a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence.'" *Newmy v. Johnson*, 758 F.3d 1008, 1011-12 (8th Cir. 2014) (quoting *Deemer v. Beard*, 557 F. App'x 162, 166 (3d Cir. 2014)). The favorable termination requirement applies "even when [the § 1983 plaintiff] is no longer incarcerated." *Marlowe*, 676 F.3d at 747 (citing *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007)).

As stated above, under *Heck*, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. In doing so, courts "look to the essence of the plaintiff's claims." *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996); *accord Portely-El v. Brill*, 288 F.3d 1063, 1067 (8th Cir. 2002).

### B. Section 1983 Claims

Defendants assert that "Plaintiff's success on any of his claims is contingent on demonstrating his ten-year conditional release term was unlawful." (Defs.' Mem. in Supp. at 10, ECF No. 17.) Defendants assert that, similar to the *First Federal Action*, Plaintiff has not alleged that *his* conviction and sentence were reversed or otherwise invalidated. Defendants further assert that the most recent denial of postconviction relief

9

"is further evidence of Plaintiff's failure to satisfy the favorable-termination rule." (Defs.' Mem. in Supp. at 11.)

Plaintiff does not appear to dispute that his claims would necessarily imply the invalidity of his sentence.  Indeed, all of Plaintiff's claims are premised on the invalidity of the ten-year conditional-release term imposed as part of Plaintiff's sentence.  Rather, Plaintiff contends that *Noggle* satisfies *Heck*'s favorable-termination requirement. Plaintiff contends that his claims are not barred by *Heck* because the Minnesota Supreme Court's ruling in *Noggle* amounts to *his sentence* being "declared invalid by a state tribunal authorized to make such determination."  *Heck*, 512 U.S. at 487.

In *Noggle*, the Minnesota Supreme Court held that the ten-year conditional-release term imposed on Noggle by the state district court was unlawful. 881 N.W.2d at 551. Arguably, the Minnesota Supreme Court's decision favorably terminated the conditional-release portion of Noggle's sentence.  This decision did not, however, favorably terminate *Plaintiff's* sentence.  *Noggle* did not invalidate Plaintiff's sentence; it did not involve Plaintiff's sentence at all.  Plaintiff has not alleged facts showing that *his* sentence has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck*, 512 U.S. at 489.

Plaintiff relies on *Steadman v. Roy*, No. 17-cv-3442 (MJD/JSM), 2015 WL 1954402 (D. Minn. Mar. 23, 2015), *adopting report and recommendation*, 2015 WL 1954447 (D. Minn. Apr. 29, 2015), in support of his argument that a state court decision invalidating the sentence of an individual other than the § 1983 plaintiff satisfies *Heck*'s favorable-termination requirement.  Steadman pleaded guilty to first-degree driving while

impaired and execution of his sentence was stayed. *Steadman*, 2015 WL 1954402, at \*1. When Steadman subsequently appeared on a probation violation, his sentence was executed and he was committed to the custody of the DOC. *Id.* At the time of execution, the state district court "did not impose any requirement that Steadman be subject to a 5-year term of conditional release following his release from prison." *Id.* During a later DOC review, the DOC "administratively added a 5-year term of conditional release to Steadman's sentence." *Id.*

A couple of years into Steadman's conditional release, "[he] was arrested for violating the terms of his administratively imposed conditional release." *Id.* at \*2. At a DOC hearing, Steadman admitted violating the terms of his conditional release and "was imprisoned for an additional 179 days." *Id.*

Between the time of Steadman's placement on conditional release and the time of his arrest for violating its terms, "the Minnesota Court of Appeals issued *Newcomb v. Roy*, 2011 WL 2437489 (Minn. Ct. App. June 20, 2011)." *Id.* "In *Newcomb*, the Court of Appeals held that . . . [the DOC] lacked authority to impose a five-year term of conditional release . . . where the conditional release term was not imposed by the district court as part of its executed sentence." *Id.*

While Steadman was serving the 179 days, a DOC employee "began inquiring as to why Steadman was still imprisoned when the Judgment from the Ramsey County District Court showed that no conditional release term had been imposed." *Id.* Approximately one month later, Steadman was released from prison. *Id.* At the time of his release, Steadman was given a letter from the warden, acknowledging that the DOC

11

had added the term of conditional release to Steadman's sentence based on "'the interpretation of the law at that time'" and that the conditional-release term had been removed from Steadman's sentence. *Id.* at *2-3.

Steadman subsequently filed suit against three state officers and the State of Minnesota, asserting two claims under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment and a state law claim for false imprisonment. *Id.* at *1, 3. "Steadman argue[d] that the executive branch invalidated his conditional release, and as a result, *Heck* does not bar his § 1983 claims." *Id.* at *14. In a report and recommendation, the magistrate judge determined the allegations regarding the warden's letter were sufficient to overcome the *Heck* bar on a motion to dismiss. *Id.* at *14-15. The magistrate judge stated that "*Heck* expressly approves of expungement by executive order" and, "[i]n this case an agency within the executive branch of the State of Minnesota—the DOC—via the letter from [the warden] not only discharged Steadman from custody, but also retroactively removed the entire term of conditional release that it had imposed on Steadman." *Id.* at *14 (quotation omitted). The magistrate judge concluded that "at this early stage in the litigation, Steadman's allegations are sufficient to overcome the *Heck* bar." *Id.* at *15. Without citing any authority, the magistrate judge also commented in a footnote that "Steadman did not argue that *Newcomb*, a decision by a state tribunal, invalidated his conditional release—which is another basis for overcoming *Heck*." *Id.* at *14 n.11.

The district court adopted the magistrate judge's recommendation on the motion to dismiss with one specific exception. *Steadman*, 2015 WL 1954447, at *1. The district

court did "not adopt the [m]agistrate [j]udge's conclusion that *Heck* applies to [Steadman's] § 1983 claim," preferring to address the "issue on a full record, after discovery is complete." *Id.* at *1 n.1. Accordingly, the district court held "that, assuming without deciding that the requirements of *Heck* apply, [Steadman] ha[d] sufficiently alleged that there has been a favorable termination of the sentence that resulted from a violation of the administratively imposed conditional release conditions." *Id.* at *1 (footnote omitted).

Unlike *Steadman*, Plaintiff's term of conditional release was imposed by the state district court, not administratively added by the DOC. Further, Plaintiff has not alleged that he received anything from the executive branch reversing or invalidating his conditional release. *Cf. Bandy v. Comm'r of Corr.*, No. 13-cv-2209 (JRT/LIB), 2014 WL 28792, at *4 (D. Minn. Jan. 2, 2014) (allegations that record had been "corrected" regarding revocation of supervised release sufficient to show favorable termination under *Heck* on motion to dismiss). Moreover, *Steadman* does not stand for the proposition that a state tribunal's invalidation of one individual's sentence necessarily renders the sentence of another individual invalid for purposes of *Heck*. Plaintiff has not provided, and this Court's research has not uncovered, any authority stating otherwise.

Plaintiff's reliance on *Rosebud Sioux Tribe v. South Dakota*, 900 F.2d 1164 (8th Cir. 1990), a case involving jurisdiction over Indian land, is similarly unavailing. In *Rosebud*, the Eighth Circuit Court of Appeals "acknowledge[d] the existence of the rule of law requiring a change in statutory interpretation to be applied retroactively," which it "explain[ed meant] that the effect of the subsequent decisions is not to make a new law

13

but only to hold that the law always meant what the court now says it means." 900 F.2d at 1172 (quotation omitted). Relying on *Rosebud*, Plaintiff asserts that "[t]he *Noggle* decision only held what 'the law always meant the court now says it means.'" (Pl.'s Mem. in Opp'n at 19.) But *Rosebud*'s general pronouncement on retroactivity does not change the fact that Plaintiff has not alleged facts showing that a state tribunal has reversed or otherwise invalidated *his* sentence.

Nor does the fact that Plaintiff appears to have exhausted his state-court remedies compel a different result. Plaintiff alleges that he sought postconviction relief based on *Noggle* and was denied. But, in *Heck*, the Supreme Court specifically stated that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. at 489; *see Marlowe*, 676 F.3d at 747 ("*Heck* made clear, however, that the favorable termination requirement is not an 'exhaustion' requirement which a plaintiff can satisfy by merely pursuing his available state remedies.").

In sum, Plaintiff's claims for relief under § 1983 are premised on the alleged unlawfulness of the ten-year conditional-release term imposed by the state district court. A judgment in Plaintiff's favor would necessarily require this Court to find that Plaintiff's state sentence was invalid. *See Heck*, 512 U.S. at 487; *First Federal Action*, 2017 U.S. Dist. LEXIS 153577, at \*52. *Noggle* "was not a favorable *termination* for [Plaintiff] . . . because his incarceration was not 'reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" *Marlowe*, 676 F.3d at 747 (quoting

*Heck*, 512 U.S. at 489).  Because Plaintiff has not alleged facts showing that his term of conditional release was favorably terminated, Plaintiff's § 1983 claims are barred by *Heck*.  Accordingly, the Court recommends that Plaintiff's § 1983 claims be dismissed without prejudice.  *See Scott v. Coleman*, 493 F. App'x 810, 811 (8th Cir. 2012) (per curiam) (modifying dismissal under *Heck* to be without prejudice (citing *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam)); *Sheldon*, 83 F.3d at 234; *First Federal Action*, 2017 U.S. Dist. LEXIS 153577, at *52 n.15.

### C.  Remaining State Law Claims

In addition to the alleged violations of his civil rights under § 1983, Plaintiff has also asserted claims under state law.  This Court has jurisdiction over the instant action under 28 U.S.C. § 1343(a)(3) based on Plaintiff's § 1983 claims.  Section 1343 provides for original jurisdiction over actions addressing the deprivation of civil rights.  *See generally* 28 U.S.C. § 1343(a); *First Federal Action*, 2017 U.S. Dist. LEXIS 153577, at *53 ("Section 1983 does not itself grant jurisdiction; it is a vehicle for claims of federal statutory and federal constitutional violations, not a cause of action in and of itself.").  Section 1367 generally provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Section 1367 also permits a district court to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  *Id.* § 1367(c)(3).  "'A district court's decision whether to exercise that jurisdiction after dismissing every

15

claim over which it has original jurisdiction is purely discretionary.'" *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009)). "When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests will usually point toward declining to exercise jurisdiction over the remaining state law claims." *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016-17 (8th Cir. 2015) (quotation omitted).

This Court has recommended that all of Plaintiff's § 1983 claims be dismissed. There are no claims remaining over which this Court has original jurisdiction. Therefore, the Court recommends that there be no exercise of supplemental jurisdiction and any and all state claims be dismissed without prejudice for Plaintiff to pursue in state district court. *See Mountain Home Flight Serv., Inc. v. Baxter Cty.*, 758 F.3d 1038, 1045 (8th Cir. 2014) ("After the § 1983 claims were dismissed, the district court acted within its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims."); *see also Smith v. Prosser*, No. 12-cv-2695 (DWF/JSM), 2014 WL 3578753, at *1 (D. Minn. July 18, 2014) (declining to exercise supplemental jurisdiction over state law claims when all claims over which court had original jurisdiction were dismissed); *Dahl v. Rice Cty.*, No. 06-cv-3777 (DWF/AJB), 2008 WL 5382333, at *7 (D. Minn. Dec. 23, 2008) (declining to exercise jurisdiction over remaining state-law claims and dismissing them without prejudice after dismissal of § 1983 claims).

## IV. MOTION FOR JUDICIAL NOTICE

Plaintiff has moved for this Court to take judicial notice of three state court decisions: the Minnesota Supreme Court's decision in *Noggle* and two district court decisions vacating conditional-release terms imposed for convictions of attempted criminal sexual conduct. (Mot. for Judicial Notice at 4-5; *see* Decl. of Brad Stevens ¶¶ 8-9, 13-16, ECF No. 25-2; Aff. of Kevin Beaulieu ¶¶ 2-5, ECF No. 25-3.) Plaintiff also requests a hearing pursuant to Fed. R. Evid. 201(e).

This Court may take "judicial notice of judicial opinions and public records." *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005); *see also Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) ("In addressing a motion to dismiss, the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." (quotation omitted)). *Noggle* has been discussed in detail above. Through public access terminals, the Court was able to obtain copies of the state district court orders referred to by Plaintiff. Each order vacated a ten-year conditional-release term that had been imposed for a conviction of attempted criminal sexual conduct.[8] To the extent Plaintiff requests that the Court take judicial notice of these three Minnesota state court decisions vacating ten-year

---

[8] On October 5, 2016, the state district court for Stearns County, Minnesota, vacated a ten-year conditional-release term for a conviction of attempted criminal sexual conduct in the second degree in Case No. 73-K4-97-003061. While Plaintiff states that the Stearns County decision was issued in November 2016, there were no orders issued in November in this matter according to the public "Minnesota Trial Court Public Access (MPA) Remote View," also known as "MNCIS," http://pa.courts.state mn.us/default.aspx. (Mot. for Judicial Notice at 5.) On November 16, 2016, the state district court for Clearwater County, Minnesota, vacated a ten-year conditional-release term for a conviction of attempted criminal sexual conduct in the fourth degree in Case No. 15-CR-08-829. Similarly, while Plaintiff states that the Clearwater County decision was issued on November 21, the order itself is dated November 16. (Mot. for Judicial Notice at 5.)

conditional-release terms for convictions of attempted criminal sexual conduct, the Court recommends that Plaintiff's motion be granted in part.

To the extent Plaintiff requests a hearing under Fed. R. Evid. 201(e), however, the Court recommends that Plaintiff's motion be denied in part. Federal Rule of Evidence 201(e) provides that "[o]n timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." This opportunity to be heard may be satisfied without a formal hearing. *See, e.g.*, *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008) ("Federal Rule of Evidence 201(e) does not require 'under all circumstances, a formal hearing.'" (quoting *Am. Stores Co. v. Comm'r of Internal Revenue*, 170 F.3d 1267, 1271 (10th Cir. 1999)); *Jonas v. Jonas*, No. CV 13-90-M-DWM, 2014 WL 978099, at *2 (D. Mont. Mar. 12, 2014) ("[N]o federal court has held that Federal Rule of Evidence 201(e) requires a formal hearing in all circumstances."); *Bogart v. Daley*, No. CV 00-101-BR, 2001 WL 34045761, at *3 (D. Or. June 28, 2001) ("Plaintiff is not entitled to be heard in person.").

The Court has reviewed Plaintiff's motion and accompanying documents. Plaintiff has had an opportunity to be heard through the filing and briefing of his motion. And, Plaintiff may file a timely objection to this Court's Report and Recommendation should he wish to do so. A formal hearing is not warranted under the circumstances. *See Amadasu*, 514 F.3d at 508 ("Since Amadsu had an opportunity to be heard on the issue of judicial notice through the filing of his objections to the magistrate judge's report and recommendation and the filing of his request for a hearing, a formal hearing was not necessary in this case."); *Jonas*, 2014 WL 978099, at *2 ("Plaintiffs had an opportunity

to be heard on the issue of judicial notice through the filing of objections to the Magistrate Judge's report and the filing of his [sic] request for a hearing."); *Bogart*, 2001 WL 34045761, at *3 (denying request for oral hearing upon review of request for judicial notice and accompanying documents).

Notwithstanding this Court's recommendation that judicial notice be taken of these three Minnesota state court decisions vacating ten-year conditional-release terms for convictions of attempted criminal sexual conduct, none of these decisions reversed or invalidated *Plaintiff's* conditional-release term. These three decisions vacated the conditional-release terms of three other individuals. Thus, even assuming for sake of argument that "Defendant Roy had his agency compile a list of those offender[s] with terms of conditional release as applied to attempts under Minn. Stat. 609.3455, subd. 6[,] and declared those sentences invalid as authorized by [the] Minnesota Supreme Court's determination in [*Noggle*]," (Mot. for Judicial Notice at 6), Plaintiff has not alleged facts showing that *his* conditional-release term has been favorably terminated—only that the conditional-release terms of certain other individuals have been. Again, Plaintiff has not provided any authority for the proposition that a state tribunal's invalidation of one individual's sentence necessarily renders the sentence of another individual invalid for purposes of *Heck*. Therefore, to be clear, this Court's recommendation (and any ultimate adoption thereof) that judicial notice be taken of these state court decisions in which the conditional-release terms of other individuals have arguably been favorably terminated does not change the fact that *Plaintiff's* conditional-release term has not been "reversed,

19

expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489.

## V. MOTION FOR SANCTIONS

Plaintiff has moved for sanctions against Defendants' counsel pursuant to Fed. R. Civ. P. 11 and this Court's inherent authority. (*See generally* Mot. for Attorney Misconduct, ECF No. 28.) Paralleling an argument raised in his motion for judicial notice, Plaintiff asserts that, following *Noggle*, Defendant Roy identified individuals who were convicted of attempt crimes and received a term of conditional release. (Mot. for Attorney Misconduct at 3, 5, 8, 9.) Plaintiff asserts that this list of individuals was then provided to the state appellate public defender's office, "who in turn had a district court vacate those sentences." (Mot. for Attorney Misconduct at 5 n.3; *see* Mot. for Attorney Misconduct at 3, 5, 8, 9.) Plaintiff contends that Defendants' counsel has abused the judicial process and acted in bad faith by arguing that *Noggle* did not invalidate *his* term of conditional release when Defendant Roy has taken action to invalidate the conditional-release terms of other individuals who were convicted of attempt crimes. Defendants oppose the motion.

Under Rule 11, by presenting a pleading, motion, or other paper to the Court, an attorney certifies to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and "(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). "[T]he standard under Rule 11 is whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017) (quotation omitted). "Rule 11's main purpose 'is to deter baseless filings. . . . Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Id.* (alteration in original) (*quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (internal quotation omitted)).

In addition, "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)); *accord Bass v. Gen. Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) ("A district court is vested with discretion to impose sanctions upon a party under its inherent disciplinary power."). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1186 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). "Because of the potency of inherent powers, a court must exercise its inherent powers with restraint and discretion, and a primary aspect of that discretion is the ability to fashion an appropriate sanction." *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005) (quotation omitted); *see Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1186 n.5 ("such

21

undelegated powers should be exercised with especial restraint and discretion" (quotation omitted)).

The Court recommends that Plaintiff's motion for sanctions be denied. The Court can understand why the arguments of Defendants' counsel may confound Plaintiff. But what appears confounding to Plaintiff is critical under the law. Again, as stated above,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487. "A claim for damages bearing that relationship that has *not* been so invalidated is not cognizable under § 1983." *Id.*; *see id.* at 489-90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."); *Marlowe*, 676 F.3d at 747 ("[A] plaintiff has no cause of action under § 1983 for damage claims for unlawful imprisonment until he shows that the challenged incarceration was 'reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" (quoting *Heck*, 512 U.S. at 489)). To proceed under § 1983, Plaintiff must show that his sentence has been favorably terminated. *See Muhammad*, 540 U.S. at 751; *Heck*, 512 U.S. at 486-87, 489-90; *Marlowe*, 676 F.3d at 747. The arguments of Defendants' counsel that Plaintiff's sentence has not been favorably terminated—when his sentence was not reversed on direct appeal, has not been expunged by executive order, has not been declared invalid by a state court, and has not been impugned by a writ of habeas corpus—is not in bad faith

and does not constitute an abuse of the judicial process notwithstanding the fact that similar sentences have arguably been favorably terminated.

## VI. MOTION TO STAY

Lastly, Plaintiff has moved to stay this matter while he "seek[s] expungement of the criminal records upon a court imposed term of conditional release and the Commissioner's disciplinary sanction under Minn. Stat. 609A.02, subd. 3(a)(1) (2016)" in state district court for Goodhue County, Minnesota.  (Mot. to Stay at 1, ECF No. 30.) Plaintiff asserts that the pending state proceedings "will address any procedural bar question before the Court, [i.e.,] whether Plaintiff can demonstrate that the conviction or sentence has been previously invalidated."  (Mot. to Stay at 2 (quotation omitted).) Defendants oppose the motion.  (*See generally* Defs.' Resp. in Opp'n to Mot. to Stay, ECF No. 33.)

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006); *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990) (per curiam).  "While the Court's inherent power to manage its docket places this decision within the Court's broad discretion, '[t]he proponent of the stay bears the burden of establishing its need.'"  *KK Motors, Inc. v. Brunswick Corp.*, No. 98-cv-2307 (JRT/RLE), 1999 WL 246808, at *2 (D. Minn. Feb. 23, 1999) (alteration in original) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)); *accord Stratasys, Inc. v.*

23

*Microboards Tech.*, *LLC*, No. 13-cv-3228 (DWF/TNL), 2015 WL 1608344, at *1 (D. Minn. Apr. 10, 2015) ("The burden of establishing that a stay is appropriate is with the party seeking the stay."). Stays are the exception rather than the rule. *KK Motors*, 1999 WL 246808, at *2; *see In re Wholesale Grocery Prods. Antitrust Litig.*, No. 09-md-2090 (ADM/AJB), 2013 WL 6533154, at *1 (D. Minn. Dec. 13, 2013) (noting "the Supreme Court has counseled moderation" in the use of stays).

"[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90; *see, e.g.*, *Wallace v. Kato*, 549 U.S. 384, 393 (2007) ("[*Heck*] delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn."); *Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015) ("*Heck* established the now well-known rule that when an otherwise complete and present § 1983 cause of action would impugn an extant conviction, accrual is deferred until the conviction or sentence has been invalidated."); *Marlowe*, 676 F.3d at 747 ("[A] plaintiff has no cause of action under § 1983 for damage claims for unlawful imprisonment until he shows that the challenged incarceration was reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." (quotation omitted)); *D'Alfonso v. Carpino*, 352 F. App'x 604, 607-08 (3d Cir. 2009) ("Since his conviction and sentence have never been reversed, expunged or declared invalid by any court, any claim that would imply the invalidity of his underlying conviction has not accrued and will not accrue until his conviction has been overturned.").

24

In seeking to stay this matter while he seeks "expungement" of the alleged unlawful term of conditional release, Plaintiff is essentially conceding that *Heck*'s favorable-termination requirement has not yet been satisfied. Because Plaintiff's term of conditional release has not yet been favorably terminated, there, simply, are no federal claims for this Court to stay. Therefore, the Court likewise recommends that Plaintiff's motion to stay be denied. *Cf. Wallace*, 549 U.S. at 394 ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal . . . .").

[Continued on next page.]

## VII. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (ECF No. 15) be **GRANTED**.

2. Plaintiff's federal claims under § 1983 be **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's state law claims be **DISMISSED WITHOUT PREJDUICE**.

4. Plaintiff's Motion for Judicial Notice Upon Fed. R. Evid. 201 (ECF No. 24) be **GRANTED IN PART** and **DENIED IN PART**.

5. Plaintiff's Motion for Attorney Misconduct Pursuant to the Court's Inherent Powers and Fed. R. Civ. P. 11 (ECF No. 28) be **DENIED**.

6. Plaintiff's Motion for Stay Proceeding Pursuant to Fed. R. Civ. P. 7(b)(1) (ECF No. 30) be **DENIED**.

Date: May___29___, 2018               _____*s/ Tony N. Leung*_____
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      for the District of Minnesota

                                      *Stevens v. Roy et al.*
                                      Case No. 17-cv-4921 (SRN/TNL)

## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).