UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brad Stevens,<br><br>        Plaintiff,<br><br>v.<br><br>Thomas Roy; Joan Fabian; Jeffrey Pederson; Bruce Reiser; Greg Smith; Joseph Wieneke; Victoria Otte-Phillips; Kori Korts; and Jane and John Does, in their individual capacities.<br><br>        Defendants. | Case No. 17-cv-4921 (SRN/TNL)<br><br>MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

Brad Stevens, Minnesota Sex Offender Program, 1111 Highway 73, Moose Lake, MN 55767, *pro se*.

Steven Forrest, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, MN 55101, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

I.     INTRODUCTION

This *pro se* Section 1983 suit is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung [Doc. No. 34]. In the R&R, Magistrate Judge Leung recommends that the Court: (1) grant Defendants' Motion to Dismiss [Doc. No. 15] and dismiss Plaintiff Brad Stevens's federal and state claims without prejudice; (2) grant in part and deny in part Stevens's Motion for Judicial Notice Upon Fed. R. Evid. 201 [Doc. No. 24]; (3) deny Stevens's Motion for Attorney Misconduct Pursuant to the Court's Inherent Powers and Fed. R. Civ. P. 11 [Doc. No.

28]; and (4) deny Stevens's Motion for a Stay of Proceedings Pursuant to Fed. R. Civ. P. 7(b)(1) [Doc. No. 30]. Stevens timely objected to the portions of the R&R concerning the Motion to Dismiss and the Motion for Judicial Notice ("Obj." [Doc. No. 35]), and Defendants responded. ("Def.'s Response" [Doc. No. 36].)

This Court reviews *de novo* any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b)(3). Based on that *de novo* review, and for the reasons detailed below, the Court overrules Stevens's objections and adopts the R&R in full.

## II. BACKGROUND

The facts of this case are well documented in both Magistrate Judge Leung's R&R and Magistrate Judge Leo Brisbois's R&R from a prior iteration of this lawsuit. *See Stevens v. Roy*, No. 16-cv-3807 (JRT/LIB), 2017 WL 8944013 (D. Minn. June 8, 2017), *report and recommendation adopted*, 2017 WL 4156999 (D. Minn. Sept. 19, 2017). As such, the Court limits its background section to only the most essential facts.

Stevens is currently civilly committed to the Minnesota Sex Offender Program's ("MSOP") Moose Lake facility. (Compl. [Doc. No. 1] ¶ 10.) Although MSOP has been the subject of recent legal controversy, *see, e.g.*, *Karsjen v. Piper*, 845 F.3d 394 (8th Cir. 2017), Stevens's complaint does not concern that program. Rather, this lawsuit centers around a criminal sentence Stevens received in 2003 for attempted fourth-degree criminal sexual conduct. (Compl. ¶ 17.) In short, Stevens contends that his sentence included an

illegal ten-year conditional-release term, and that, because he violated the terms of this conditional release shortly after completing his required prison time, he was illegally re-incarcerated at the Rush Creek Minnesota correctional facility ("MCF – Rush Creek") from November 3, 2006 to November 21, 2014, when his sentence expired. (Compl. ¶¶ 95-99; R&R at 3-5.) During this time, Stevens endured more restrictive conditions than at the MSOP (where he was committed both before and after MCF – Rush Creek) (Compl. ¶¶ 32-34; R&R at 3) and forfeited over $50,000 to the State in the form of room and board deductions from his prison wages. (Compl. ¶ 167; R&R at 7-8.)

Stevens has challenged the validity of his conditional-release term numerous times since 2006 on a variety of grounds.[1] This latest challenge stems from a 2016 Minnesota Supreme Court decision, *State v. Noggle*, 881 N.W.2d 545 (Minn. 2016). In that case, the Supreme Court held that the plain language of the state sentencing statute did not authorize the imposition of a ten-year conditional-release term for *attempts* of certain sex offenses. *Id*. at 550-51. Because Stevens's conditional release term arose from an attempted sex crime, and was imposed on him under similar conditions to *Noggle*, he contends that this decision retroactively vacated his conditional release term (albeit two years after his sentence concluded). As such, Stevens believes he is entitled to collect damages for the harm he suffered during his eight years at MCF-Rush Creek.

Stevens has raised variants of this argument in both state and federal forums, to no avail. Stevens first sought postconviction relief in state district court. (Compl. ¶¶ 79-80.)

---

[1] *See, e.g.*, *Stevens v. State*, No. A13-1890, 2014 WL 1875887 (Minn. App. 2014); *Stevens v. State*, No. A10-2030, 2011 WL 2623433 (Minn. App. 2011); *Stevens v. State*, No. A09-756, 2010 WL 431495 (Minn. App. 2010).

However, on December 22, 2016, the state court denied his request. In its order, the court ruled that, "even if the court were to find *State v. Noggle* applie[d] [to Stevens], there [wa]s no existing conditional release term for the court to vacate" because Stevens completed his sentence in 2014. (Compl. ¶ 81.) The state court also held that it "did not have legal authority to review and address the administrative decision of the Commissioner of Corrections." (*Id.*)[2]

Around the same time, in November 2016, Stevens filed a Section 1983 action in this Court ("the First Federal Action"), alleging numerous constitutional violations. Although Stevens did not explicitly raise *Noggle* to the Court, he did argue, among many other things, "that [the] imposition of his original ten year term of conditional release was unlawful[, and] that Defendants violated his rights when they failed to notify the sentencing court that [he] should not have been subject to such a term of conditional release." *Stevens*, 2017 WL 8944013, at *5. Magistrate Judge Brisbois dismissed this claim without prejudice on *Heck v. Humphrey* grounds. *Heck* holds that "a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action" unless he "can demonstrate that the conviction or sentence has already been invalidated." *Id.* at *19 (citing *Heck v. Humphrey*, 512 U.S. 477, 486 (1994)). Because Stevens did not "ma[k]e any factual assertion in his Complaint that his conviction and sentence has been reversed or otherwise invalidated," *Heck* barred a Section 1983 suit premised on the wrongfulness of Stevens's sentence. *Id.* However, Magistrate Judge Bribois noted that Stevens may

---

[2] The Court notes that motion practice appears to be ongoing in this proceeding. *See State v. Stevens*, Goodhue Cty., Case No. 25-K6-02-002009 (last accessed through http://pa.courts.state.mn.us on September 18, 2018).

4

"refile [this] claim if his conviction and sentence are later invalidated." *Id.* at *19 n.15. Because Stevens did not properly object to the R&R, Chief Judge Tunheim adopted Magistrate Judge Brisbois's recommendation without further comment on the issue. *See Stevens*, 2017 WL 4156999.

On October 30, 2017, about one month after Chief Judge Tunheim dismissed the First Federal Action, Stevens filed this Complaint. In the Complaint, Stevens focused almost exclusively on *Noggle*. In particular, he alleged that the decision plausibly demonstrated that his conditional release term had been "reversed or otherwise invalidated," and that *Heck* no longer posed a barrier to his damages suit. (*See, e.g.*, Compl. ¶¶ 76-81.)

In addition, Stevens filed a Motion for Judicial Notice asking the Court to take notice of *Noggle*, as well as two 2016 state district court orders vacating ten-year conditional-release terms in light of *Noggle*. (*See* Mot. for Judicial Notice [Doc. No. 24] at 1.) Neither order applied to Stevens.[3] Stevens also asked that the court hold a formal hearing so that he could "call several Attorneys from [the] Minnesota Appellate Public Defender Office[, so that they could] provide testimony on the fact [that] Defendant [Thomas] Roy had his agency [the Department of Corrections ("DOC")] compile a list of those offender[s] whose . . . sentences [would be] declared invalid" because of *Noggle*.

---

[3] Specifically, Stevens asked the Court to take notice of an October 5, 2016 Stearns County District Court order, from Case No. 73-K4-97-004061 (defendant convicted of attempted criminal sexual conduct in the second degree), and a November 16, 2016 Clearwater County District Court order, from Case No. 15-CR-08-829 (defendant convicted of attempted criminal sexual conduct in the fourth degree). (*See* R&R at 17 n.8.)

5

(Mot. for Judicial Notice at 6-7.) In an affidavit accompanying the Motion for Judicial Notice, Stevens also alluded to a letter from the Minnesota Appellate Public Defender's Office to the DOC, in which the Public Defender's office purportedly "identified 124 offenders who[se] terms of conditional release will be vacated by [*Noggle*]." (Letter to Magistrate Judge, Attached Affidavit of Brad Stevens [Doc. No. 25-2] ¶ 10.) Although Stevens suggests that his name might appear on this DOC list, Stevens did not allege that his name in fact appears on this list, or that either the Public Defender's office or DOC has contacted him about *Noggle*'s effect on his (expired) sentence.[4]

In a thorough and well-reasoned R&R, Magistrate Judge Leung ruled that, additional allegations notwithstanding, *Humphrey v. Heck* still barred Stevens's damages suit. *Accord Stevens*, 2017 WL 8944013, at *19 (Brisbois, M.J.). The Magistrate Judge first summarized *Heck*'s "favorable termination" requirement. Namely, that in order to recover damages for state actions "whose unlawfulness would render a conviction or sentence invalid," "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." (R&R at 8-9) (citing *Heck*, 512 U.S. at 486-87); *see also Newmy v. Johnson*, 758 F.3d 1008, 1011-12 (8th Cir. 2014) ("[T]he Eighth Circuit . . . impose[s] a universal favorable termination requirement on all § 1983

---

[4] Stevens also filed motions to sanction Defendants' attorney for misconduct [Doc. No. 28] and to stay the federal proceedings in light of his state postconviction proceedings [Doc. No. 30]. However, because Stevens did not object to Magistrate Judge Leung's recommendation to deny both motions, this opinion will not discuss them.

plaintiffs attacking the validity of their conviction or sentence," regardless of whether they are currently incarcerated).

The Magistrate Judge then applied this standard to Stevens's allegations and concluded that (1) "all of [Stevens's] claims are premised on the invalidity of the ten-year conditional-release term imposed as part of [Stevens's] sentence," such that a judgment in his favor "would necessarily require this Court to find that [Steven's] state sentence was invalid," (R&R at 10) and (2) "*Noggle* was not a favorable termination for [Stevens] . . . because his incarceration was not 'reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" (R&R at 14) (quoting *Marlowe v. Fabian*, 676 F.3d 743, 747 (8th Cir. 2012)). As such, the Magistrate Judge reasoned, until Stevens can allege that his (now-expired) conditional-release term has been "reversed, expunged, invalidated, or impugned," *Heck* precludes a Section 1983 damages lawsuit.

The Magistrate Judge also carefully distinguished the facts of *Steadman v. Roy*, No. 17-cv-3442 (MJD/JSM), 2015 WL 1954402 (D. Minn. Mar. 23, 2015), *adopting report and recommendation*, 2015 WL 1954447 (D. Minn. Apr. 29, 2015), a case where this Court found that a *pro se* plaintiff *had* alleged a "favorable termination" at the motion to dismiss stage. Put simply, Steadman alleged that his prison warden gave him a letter acknowledging that a recent appellate court decision rendered his conditional-release term invalid, and that, in turn, "the conditional-release term had been removed from [his] sentence." (R&R at 12 (citing *Steadman*, 2015 1954447, at *2-3).) Stevens, by contrast, "has not alleged that he received anything from the executive branch reversing or invalidating his conditional release." (*Id*. at 13.) Further, though Stevens interpreted a

7

footnote in the Magistrate Judge's recommendation in *Steadman* to suggest that "a state tribunal's invalidation of one individual's sentence necessarily renders the sentence of another individual invalid for purposes of *Heck*," Magistrate Judge Leung found that that assertion lacked legal support. (*Id*. (responding to Stevens's citation of *Steadman*, 2015 WL 1954447, at *14 n.11).) The Magistrate Judge accordingly recommended that the Court dismiss Stevens's Section 1983 claims without prejudice, and that the Court decline to exercise supplemental jurisdiction over Stevens's state constitutional claims. (R&R at 15-16.)

With respect to Stevens's Motion for Judicial Notice, Magistrate Judge Leung took judicial notice of all three state court decisions mentioned in the Motion, and, "for the sake of argument," considered Stevens's allegation about the Department of Corrections list. (R&R at 19.) However, the Magistrate Judge found that neither the district court orders related to other inmates nor allegations of a "DOC list of offenders affected by *Noggle*" altered his ultimate conclusion. "[Stevens] has not alleged facts showing that *his* conditional-release term has been favorably terminated – only that the conditional-release terms of certain other individuals have been." (R&R at 19) (emphasis in original). Moreover, the Magistrate Judge denied Stevens's request for a formal evidentiary hearing because Stevens "has had an opportunity to be heard through the filing and briefing of his motion." (R&R at 18 (citing, *inter alia*, *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008)).)

Stevens filed timely objections to the R&R, triggering this *de novo* review.

8

## III. DISCUSSION

Stevens's objections are twofold. First, he argues that the Magistrate Judge "used the wrong standard" when evaluating his motion to dismiss, and "is requiring Stevens to actually prove his case at this point of the litigation." (Obj. at 4, 9.) Second, Stevens contends that the Magistrate Judge should have held a formal hearing to determine whether the purported list of offenders affected by *Noggle* is the kind of public record that may be judicially noticed. (*Id*. at 12-16.) However, neither objection is availing.

### A. Motion to Dismiss

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the complaint and view them in a light most favorable to the plaintiff. *See Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Although the complaint need not contain "detailed factual allegations," it must plead facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, courts must construe *pro se* pleadings liberally. If "the essence of an allegation is discernible," courts should consider the claim "in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotation and citation omitted). However, even under this liberal standard, courts do not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Stevens argues that the Magistrate Judge did not adhere to this pleading standard. In particular, Stevens appears to contend that three facts, taken together, render his

allegation of a "favorable termination" sufficiently plausible to overcome *Heck* at the motion to dismiss stage: (1) *Noggle* has been issued; (2) similarly situated offenders have had their conditional-release terms vacated because of *Noggle*; and (3) either the Public Defender or DOC has a list of offenders whose sentences may be altered because of *Noggle*.[5] As such, Stevens asserts, the Court "must allow Stevens to *demonstrate* that his administrative confinement has already been invalidated by *executive order or declared invalid by a state tribunal authorized to make such determination*." (Obj. at 5) (emphasis in original).

However, as Magistrate Judge Leung correctly noted, none of these allegations show that *Stevens's* conditional-release term has been favorably terminated – "only that the conditional-release terms of certain other individuals have been." (R&R at 19.) Indeed, Stevens concedes that the state district court declined to declare his sentence invalid in light of *Noggle* because, with Stevens's sentence long since expired, the court could not vacate Stevens's conditional-release term even if it wanted to. (Compl. ¶ 81.) Stevens cannot evade this state court determination by bringing a Section 1983 lawsuit in federal court, as *Heck* requires plaintiffs like Stevens to "demonstrate that [their sentence] has *already* been invalidated." *Heck*, 512 U.S. at 487 (emphasis added). Although Stevens speculates that discovery could reveal a letter or list proving that the DOC

---

[5] Neither the second nor third allegation appears in the Complaint. Rather, Stevens included the second allegation in this Motion for Judicial Notice (Mot. for Judicial Notice at 1) and the third allegation in both the Motion for Judicial Notice (*id*. at 6-7) and an affidavit attached to a letter filed alongside the Motion for Judicial Notice (Affidavit of Brad Stevens ¶¶ 8-10). However, in the spirit of liberally construing Stevens's pleadings, the Court will consider all three allegations as properly-pled facts, just as Magistrate Judge Leung did.

declared his sentence invalid after *Noggle* (and then failed to inform him of this fact), to enter discovery he must plead facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stevens has not done so.

In that sense, this case is unlike *Steadman v. Roy*, where the plaintiff alleged that he personally received a letter from the prison warden stating that "the term of Conditional release has been removed from your sentence and you are hereby discharged as of [a date earlier than the conclusion of the original sentence]." *Steadman*, 2016 WL 1954402, at *2-3. Rather, Stevens's facts are more akin to recent cases where plaintiffs failed to sufficiently allege a "favorable termination" at the motion to dismiss stage. *See Olson v. Amatuzio*, No. 18-cv-00124 (DWF/TNL), 2018 WL 4087944, at *4 (D. Minn. Aug. 27, 2018) (claim *Heck*-barred because the settlement agreement governing plaintiff's early release from prison "did not invalidate or call into question the legality of [plaintiff's] imprisonment"); *Dillard v. Fabian*, No. 16-cv-3403 (ADM/DTS), 2017 WL 3278846, at *3 (D. Minn. Aug. 1, 2017) (claim *Heck*-barred because plaintiff's "convictions, supervised release, and subsequent revocation were made pursuant to facially valid orders," and plaintiff could not allege that the orders had been invalidated).

Because Stevens's Section 1983 claim is barred by *Heck*, the Court will grant Defendants' motion to dismiss and dismiss Stevens's federal claims without prejudice. Stevens should only raise these claims again if he can "prove that [his conditional-release term] has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Further,

for the reasons articulated by Magistrate Judge Leung, the Court will decline to exercise supplemental jurisdiction over Stevens's remaining state constitutional law claims. (R&R at 15-16.)

### B. Motion for Judicial Notice and Hearing

Under the Rules of Evidence, a court may take judicial notice of "a fact that is not subject to reasonable dispute," if a party requests it and supplies the court "with the necessary information." Fed. R. Evid. 201(b). Further, on timely request, "a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." *Id.* at 201(e). However, as the Magistrate Judge correctly noted, "this opportunity to be heard may be satisfied without a formal hearing." (R&R at 18.)

Stevens objects to the Magistrate Judge's decision to forego holding a formal hearing over the alleged DOC list detailing offenders affected by the *Noggle* decision. Because this list may be "subject to reasonable dispute," Stevens contends, the Court should hold an evidentiary hearing before taking judicial notice of it as a public record. (Obj. at 13-14.)

This objection appears to be based on a misunderstanding. The Magistrate Judge did not take judicial notice of the alleged list. Indeed, no party provided the Court with such a document, much less an official public record. Rather, in response to Stevens's motion, the Magistrate Judge took judicial notice of *Noggle* and the two state district court orders Stevens provided, as he was entitled to do. *See Rosemann v. Sigillito*, 785 F.3d 1175, 177 n.3 (8th Cir. 2015) (courts may take judicial notice of judicial opinions). The Magistrate Judge then treated Stevens's invocation of the list as an additional

allegation, like the Court did above, and found that, "even assuming for sake of argument" that this allegation was true, "[Stevens] has not alleged facts showing that *his* conditional-release term has been favorably terminated – only that the conditional-release terms of certain other individuals have been." (R&R at 19.) The Court concurs. Because Stevens has had the opportunity to be heard on all issues raised in his Motion for Judicial Notice, a formal evidentiary hearing is not required.

The Court accordingly grants Stevens's Motion for Judicial Notice to the extent it requests that the Court takes notice of the state court decisions referenced in the Motion, and denies the Motion in all other respects.[6]

## IV. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Stevens's Objections [Doc. No. 35] to the Magistrate Judge's May 29, 2018 Report and Recommendation are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 34];

3. Defendants' Motion to Dismiss [Doc. No. 15] is **GRANTED**;

---

[6] As a final note, at the end of his objections Stevens appears to suggest in passing that the Magistrate Judge failed to consider his argument that Defendants violated procedural due process when they "administratively enhanced [his] term of conditional release based upon [the] Appellate Court decision [in] *Cote v. Roy*." (Obj. at 16.) Aside from an unrelated incantation of *Cote v. Roy* in paragraph 73 of the Complaint, the Court cannot find any prior reference to this argument in the record. Because "[a] party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge," the Court declines to address this point. *Hammann v. 1–800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006); *accord Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012).

4. Stevens's federal claims under § 1983 are **DISMISSED WITHOUT PREJUDICE**;

5. Stevens's state law claims are **DISMISSED WITHOUT PREJUDICE**;

6. Stevens's Motion for Judicial Notice Upon Fed. R. Evid. 201 [Doc. No. 24] is **GRANTED IN PART** and **DENIED IN PART**;

7. Stevens's Motion for Attorney Misconduct Pursuant to the Court's Inherent Powers and Fed. R. Civ. P. 11 [Doc. No. 28] is **DENIED**;

8. Stevens's Motion for a Stay of Proceedings Pursuant to Fed. R. Civ. P. 7(b)(1) [Doc. No. 30] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: September 19, 2018

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge